IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RONALD RAY COOPER, on behalf )
of KENNETH RAY COOSEWOON )
                                )
     Plaintiff,              )
                                )
v.                                 )     Case No. CIV-16-1059-R
                                )
MARY VICTORIA LAINE, et al.,     )
                                )
     Defendants.      )

## ORDER

Before the Court are Plaintiff's Motion for a Temporary Restraining Order and for a Permanent Injunction after a Trial on the Merits (Doc. 6) and Defendant's Motion to Dismiss (Doc. 9).

Plaintiff pleads that he is under the guardianship of Defendant Mary Laine as designated by an Oklahoma court. Ms. Laine apparently ensured that Mr. Coosewoon was moved to the Lawton/Fort Sill Veterans Center for Supervision. Attached to Plaintiff's Complaint, in which he seeks injunctive relief allowing him to visit his home in Lawton, is a Durable Power of Attorney designating Mr. Coosewoon's grandson, Mr. Ronald Cooper, as such. In other words, Mr. Coosewoon, who is already under a guardianship, has tried to convey power of attorney to Mr. Cooper, who now brings this suit pro se on behalf of Mr. Coosewoon.

Because Mr. Coosewoon is under a guardianship, as he pleads in his Complaint, he lacked the power to convey power of attorney. And even if Mr. Cooper were now able to invoke power of attorney on behalf of Mr. Coosewoon, Mr. Cooper could not represent

1

Mr. Coosewoon as a non-lawyer under Federal of Civil Procedure 17(c)[1] and 28 U.S.C. § 1654.[2] "It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007) (citing *Cheung v. Youth Orchestra Found. of Buffalo,* 906 F.2d 59, 61 (2d Cir.1990)). "Even if [Cooper] were [Coosewoon's] legal guardian, [he] would not be able to bring suit on his behalf without the assistance of counsel." *Id*. (holding that attorney who was not licensed in state and had not been granted permission to practice before federal court could not prosecute pro se appeal on behalf of her father and was required to have assistance of counsel); *also see Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that father did not have the right to represent minor daughters pro se).

Defendant's Motion to Dismiss is therefore GRANTED. Plaintiff's Motion for Injunctive Relief is DENIED.

IT IS SO ORDERED this 30th day of January 2017.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Fed.R.Civ.P. 17(c) provides that only a "general guardian," "committee," "conservator," or a "like fiduciary" "may sue or defend on behalf of . . . an incompetent person."

[2] "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.